**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**FRANCES RENEE MILLER/PERRY
ADC #708998**                                                            **PLAINTIFF**

**v.**                              **CASE NO. 5:11CV00110 BSM**

**STATE OF ARKANSAS et al.**                                    **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Frances Renee Miller/Perry, an Arkansas Department of Correction (ADC) inmate, filed this case *pro se* under 42 U.S.C. § 1983 and has submitted an application to Proceed *in forma pauperis*. [Doc. No. 7]. Because she has provided the documentation required by the statute, Miller/Perry's request to proceed *in forma pauperis* will be granted. Her amended complaint, however, fails to state a claim upon which relief can be granted and must therefore be dismissed.

I. *IN FORMA PAUPERIS* APPLICATION

If a prisoner is permitted to file a civil action *in forma pauperis*, she must still pay the $350 filing fee. 28 U.S.C. §1915(b)(1). The only question is whether the entire filing fee must be paid at the beginning of the lawsuit or paid in installments over a period of time.

To proceed *in forma pauperis*, an inmate must provide a complete application and attach a calculation sheet showing the inmate's trust account balances. The calculation sheet must be signed by an authorized officer at the facility or unit where the inmate is being held. Based on the information provided, the court will determine how the filing fee should be paid. An inmate who is allowed to pay over time must pay the entire $350 filing fee, even

if the case is dismissed before trial.

Miller/Perry's calculation sheet shows that she has an average monthly deposit of $3.50. Based on that information, an initial partial filing fee will not be assessed. Her present custodian, the Warden of the McPherson Unit or his designee, will collect from Miller/Perry's prison trust account the $350 filing fee by collecting monthly payments of twenty percent of the preceding month's income credited to her prison trust account each time the amount in the account exceeds $10, until the filing fee is paid in full. Payments should be clearly identified by the name and number assigned to this action.

The clerk's office is directed to send a copy of this order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden of the McPherson Unit, 302 Corrections Drive, Newport, Arkansas 72112.

## II. SCREENING

A prisoner's complaint against a governmental entity, officer, or employee must be reviewed to identify whether it sets forth cognizable claims. The complaint must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Although Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the plaintiff must allege specific facts that establish her right to relief. *Bell Atlantic v. Twombly*, 550 U.S.

2

544, 555 (2007). Indeed, a plaintiff cannot rest upon labels, conclusions, or formulaic recitation of the elements of a cause of action. *Id.* Section 1983 complaints filed by *pro se* prisoners, however, are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In her original complaint, Miller/Perry claimed defendants' conduct led to her unlawful conviction in state court. The named defendants, however, are immune from suit under section 1983. Attached to her complaint was a motion for a hearing containing an extensive history of her state court proceedings, but because Miller/Perry failed to state a constitutional claim, she was ordered to file an amended complaint and cautioned that all allegations must be included within that new complaint. [Doc. No. 3]. In response to that order, Miller/Perry filed an amended complaint, a brief in support, a motion to appoint counsel, and various grievance forms. [Doc. Nos. 5, 6, 8, and 9]. An amended complaint supersedes the original complaint, rendering the original complaint without legal effect; only those claims raised in the amended complaint may be considered. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

In her amended complaint, Miller/Perry claims that defendant Hill, a detective with the Pine Bluff Police Department, conducted an illegal search that resulted in her false arrest in 2003. She also claims she has been unlawfully held by defendants Norris and Hobbs for the previous five years and that defendant Steed denied her right to post-conviction relief. None of these allegations states a constitutional claim that can be redressed under section 1983.

3

Miller/Perry's claim that defendant Hill conducted an illegal search is time-barred. State law dictates the applicable limitations period for section 1983 actions. In Arkansas, the general personal injury statute of limitations is three years. Ark.Code Ann. § 16-56-105 (LEXIS Repl. 2005); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). The alleged false arrest occurred in 2003, according to the amended complaint, so the statute of limitations expired long ago.

Miller/Perry argues that her claims should be equitably tolled, an argument typically made in *habeas corpus* cases where the statute of limitations is only one year. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A *habeas* petitioner is entitled to equitable tolling only if she shows that (1) she has been "pursuing her rights diligently" but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. Here, Miller/Perry has not offered an explanation of any extraordinary circumstances that would toll the limitations period. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Further, Miller/Perry cannot bring a claim for false arrest or false imprisonment under section1983 until after she has successfully challenged her criminal sentence in either state or federal court. In her amended complaint, she states that she has *unsuccessfully* attempted to challenge her conviction in a number of proceedings and that she currently has a *habeas* petition pending in state court. Accordingly, her section 1983 action is premature.

Her last claim is that defendant Steed denied her access to a typewriter and that, as a result, her "post conviction" was denied as untimely. Miller/Perry fails to state why she could not have hand-written her pleading. Significantly, she does not state why she waited until the

end of the allotted time period to file her pleading. Accordingly, her allegations are insufficient to state a claim for relief against defendant Steed for denying her access to the courts.

## III. CONCLUSION

Miller/Perry's claims are dismissed without prejudice. Her motion for the appointment of counsel [Doc. No. 8] is denied as moot. It is hereby certified that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

IT IS SO ORDERED this 27th day of May 2011.

_____
UNITED STATES DISTRICT JUDGE